IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | Bankruptcy No. 15-11315-TPA |
| NATALIE A. PACILEO, | : | Chapter 7 |
| d/b/a ERIE COUNTY FARMS, | : | |
| | : | |
| Debtor | : | |
| GARY V. SKIBA, | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE; PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY; PENNSYLVANIA DEPARTMENT OF REVENUE; PERRY PLAZA ERIE PA LIMITED; FORD BROTHERS WHOLESALE MEATS, INC.; CONSUMER FRESH PRODUCE, INC.; BRIGIOTTA'S FARMLAND PRODUCE & GARDEN CENTER, INC.; JOSEPH P. SPERO, CHAPTER 7 TRUSTEE; and NATALIE A. PACILEO, | : | |
| | : | |
| Respondents | : | |

## ORDER REOPENING CASE ON A LIMITED BASIS AND DIRECTING DISTRIBUTION OF FUNDS

AND NOW, this ____ day of _____, 2022, upon consideration of the Motion to Reopen Case ("Motion") [Doc. No. 500], and a hearing having been held on July 14, 2022 before this Court, the Court makes the following findings of fact and conclusions of law, and orders as follows:

1. Counsel for Debtor, Gary Skiba, Esq., has requested that the Court reopen this matter for the purpose of an interpleader action with respect to the relative interests to $44,992.55 he is holding in his IOLTA account ("Proceeds"). These Proceeds were generated from the sale of Debtor's vacant land on Dobler Road in Fairview Township, Erie County, Pennsylvania and rental property at 821 W. 26th Street, Erie, Pennsylvania ("Properties"). Doc. Nos. 134 and 173.

2. Consumer Fresh Produce, Inc. ("Consumer"), a trust creditor of Debtor under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(e)(c)(2), received half the net proceeds of the sale of the Properties pursuant to this Court's Order of June 3, 2016. This payment resolved Consumer's interests in the Proceeds. See *Motion for Approval of Settlement* [Doc. No. 187] and Order thereon [Doc. No. 210]. The Proceeds at issue in Mr. Skiba's Motion constitute the remaining funds from the sale of the Properties.

3. A hearing was held on the Motion to Reopen on July 14, 2022 and the Court was informed that Brigiotta's Farmland Produce & Garden Center, Inc. ("Brigiotta's") asserts a claim under PACA as to the Proceeds. A review of the record shows that Brigiotta's was granted a non-dischargeable judgment against Debtor under 11 U.S.C. § 523(a)(4) in the full principal amount of its PACA trust claim of $38,480.12, plus interest in the amount of $4,883.88 and attorneys' fees in the amount of $5,688.37 for a total judgment amount of $49,052.37. Adversary No. 17-01007-TPA, Adv. Doc. No. 12.

4. PACA creates a "non-segregated floating trust" for the protection of produce sellers in which commingling is contemplated. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(b); *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 420 (3d Cir. 2005); *Consumers Produce Co. v. Fredericktown Produce Co.*, Civil Action No. 14-314, 2015 U.S. Dist. LEXIS 19869 (W.D. Pa. Feb. 19, 2015). PACA's trust provision requires that PACA trust beneficiaries must receive

payment of assets impressed with the trust ahead of all other creditors, including secured creditors. *Consumers Produce Co, Inc. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1379 (3d Cir. 1994). Courts have held that everything from insurance policy proceeds (*Fredericktown Produce Co.*, 2015 U.S. Dist. LEXIS 19869 * 21; *Sam Wang Produce, Inc. v. EE Mart FC, LLC*, Civil Action No. 1:09-cv-12, 2010 U.S. Dist. LEXIS 13608 (E.D. Va. Feb. 16, 2010)), to business property, vehicles, and all business equipment paid for with commingled PACA trust funds (*Hereford Haven v. Stevens*, No. 3:98-CV-0575-P, 1999 U.S. Dist. LEXIS 3116 (N.D. Tex. Mar. 12, 1999)) are PACA trust assets. These holdings also extend to real property of the produce buyer. *Fredericktown Produce Co.*, 2015 U.S. Dist. LEXIS 19869 * 19-20 (recognizing Third Circuit's implicit holding that proceeds from the sale of produce company's real estate were PACA trust assets in *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 168 (3d Cir. 2010)); *A&J Produce Corp., v. Bronx Overall Economic Development Corporation*, 542 F.3d 54 (2d Cir. 2008); *In re Kornblum & Co., Inc.,* 81 F.3d at 287; *Tony Vitrano Company v. National Produce Co., Inc.,* 815 F. Supp. 23 (D.D.C. 1993).

   5. The party challenging the scope of the PACA trust has the burden of showing an asset is not impressed with the PACA trust, which was characterized by the Sixth Circuit as a "virtually impossible" burden. *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.,* 986 F.2d 1010, 1014 (6th Cir. 1993); *In re Kornblum & Co..,* 81 F.3d 280, 287 (2nd Cir. 1996); *Six L.'s Packing Co. v. West Des Moines State Bank*, 967 F.2d 256, 258 (8th Cir. 1992). Assets of a PACA trustee are presumed PACA trust assets, unless a party challenging the scope of the PACA trust can show: (1) no PACA trust existed when the asset was acquired; or (2) although a PACA trust existed at the time, the asset was not acquired with trust assets; or (3) although a PACA trust existed when the asset was acquired, and the asset was acquired with trust assets, all unpaid sellers of produce were

paid in full prior to the transactions involving the unpaid PACA trust creditors herein. *In re Kornblum & Co., Inc.,* 81 F.3d at 287; *Fredericktown*, 2015 U.S. Dist. LEXIS *22 (adopting the *Kornblum* test).

6. Based on the interests of Brigiotta's arising under PACA trust and the judgment entered by this Court in the amount of $49,052.37 under PACA, the Court finds the Properties and their sale Proceeds are subject to the PACA trust, and that Brigiotta's is entitled to receipt of the full amount of the Proceeds under the trust provisions of PACA.

The Court, based on the above law and record, **ORDERS** as follows:

A. The Motion is **GRANTED** on a limited basis, and the Court reopens this case and takes limited jurisdiction for the purposes set forth herein.

B. Based on the judgment of $49,052.37 under PACA awarded to Brigiotta's, it is entitled to payment of the full Proceeds in the amount of $44,992.55 under the trust provision of PACA.

C. Mr. Skiba is directed to serve the above-captioned Respondents to the Motion with this Order **within five (5) days of its entry**.

D. Any party wishing to challenge the award of the Proceeds to Brigiotta's is directed to file an objection with the Court **within 14 days of the date of service of this Order**.

E. If no objection is filed within 14 days of the date of entry of this Order, Mr. Skiba is authorized and directed to pay the Proceeds to the client trust account of counsel for Brigiotta's, at which time this case is closed.

F. Movant Gary Skiba is fully and finally discharged from all further liability and relieved of his responsibility to the named Respondents upon payment of the Proceeds as set forth herein.

- 4 -

   G. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated this \_\_\_\_ day of July, 2022.

                    _____
                    **Thomas P. Agresti, Judge**
                    **United States Bankruptcy Court**